UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EULYS JOSE HERNANDEZ CRESPO,

      *Petitioner,*

v.                                Case No. 3:26-cv-943-JEP-PDB

WARDEN, Florida Baker
Correctional Institute, et al.,

      *Respondents.*

_____/

## **ORDER**

Petitioner, a detainee of the United States Immigration and Customs Enforcement ("ICE"), filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, seeking, among other relief, release from custody or a bond hearing. (Doc. 1). Petitioner alleges that he entered the United States in 2021 and presented himself to immigration authorities; he has a pending asylum application and has complied with all immigration requirements; and on March 31, 2026, ICE detained him following a traffic stop. (*Id.* at 9). As his grounds for relief, he contends that (1) the traffic stop was conducted "without probable cause or reasonable suspicion"; (2) "[n]o body camera or dash camera evidence has been produced to justify the stop or detention"; (3) he "has a pending asylum case, strong family ties, and is not a flight risk or danger to

the community"; and (4) his "[c]ontinued detention is causing severe financial and emotional hardship." (*Id.* at 6-7).

A writ of habeas corpus may extend to an individual who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Generally, the remedy and purpose of the writ of habeas corpus is for individuals to challenge the "fact or duration" of their confinement and seek relief in the form of immediate or expedited release from custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Here, Petitioner fails to adequately set forth his claims. Thus, the Court will provide Petitioner with one opportunity to file an amended petition on the enclosed form. If he chooses to do so, Petitioner should consider the following.

To the extent Petitioner challenges his arrest under the Fourth Amendment, "habeas is not a vehicle to redress defects in an initial arrest; its function is to determine whether the petitioner may lawfully remain in custody." *Palma v. Powell*, --- F. Supp. 3d ---, No. 7:26-CV-299-EGL-SGC, 2026 WL 701778, at *6 (N.D. Ala. Mar. 12, 2026). "If lawful grounds for detention exist, [Petitioner] is not entitled to release even if there were flaws in his original arrest." *Id.* As a result, if Petitioner attacks the mechanics of his seizure rather than the Government's present statutory authority to hold him, his claim fails. *See also Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) (finding no jurisdiction to address detainee's claims that police "illegally

2

procured an arrest warrant, that the agents illegally arrested him, and that the agents illegally detained him" because such actions were "taken to commence removal proceedings").

Further, this Court previously has rejected detainees' claims that their mandatory detention under 8 U.S.C. § 1225(b)(2)(A) violates the Fifth Amendment's Due Process Clause. *See Lopez v. Dir. of Enf't & Removal Operations*, 817 F. Supp. 3d 1260, 1278 (M.D. Fla. 2026); *see also Lozano Sousa v. Ripa*, No. 3:25-CV-1617-JEP-PDB, 2026 WL 958794, at *4 (M.D. Fla. Mar. 27, 2026). While the Eleventh Circuit Court of Appeals recently addressed a statutory challenge to mandatory detention under the Immigration and Nationality Act ("INA"), the Eleventh Circuit did not address any due process claim. *See Hernandez Alvarez v. Warden*, --- F.4th ---, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026). Thus, while this Court is bound by the Eleventh Circuit's decision on claims arising under the INA, it likely would follow its prior decisions on due process challenges unless presented with a reason to change course in a particular case.

Therefore, it is **ORDERED**:

1. By **June 15, 2026**, Petitioner must file an amended petition on the enclosed form. Petitioner must write this case number (3:26-cv-943-JEP-PDB) on the amended petition. Petitioner is advised that the Court will no longer consider the original petition once the amended

petition is filed, so he must include all claims and allegations in the amended petition.

2. Petitioner's emergency motion to expedite (Doc. 2) and emergency motion for immediate release or bond hearing (Doc. 3) are **DENIED without prejudice**.

3. The **Clerk** shall send Petitioner a blank petition for writ of habeas corpus form for use in § 2241 cases.

**DONE AND ORDERED** in Jacksonville, Florida, on May 19, 2026.

_____

JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Eulys Jose Hernandez Crespo

4